**In the Matter of Phillip A. RENZ.**

No. 02S00–0608–DI–315.

Supreme Court of Indiana.

Nov. 15, 2006.

### ORDER IMPOSING DISCIPLINE UPON AGREED FACTS

Pursuant to Ind.Admission and Discipline Rule 23, Section 17(a), the respondent has submitted to this Court his affidavit consenting to discipline in which he acknowledges the truth of the material facts set forth in the Indiana Supreme Court Disciplinary Commission's *Verified Complaint for Disciplinary Action,* filed August 30, 2006. The admitted facts are summarized as follows:

**Facts:** On April 1, 2003, respondent filed a petition for dissolution of marriage for D.B. The court partially divided the property and issued a decree of dissolution on November 26, 2003. The remaining property issues and child support were not resolved until July 25, 2005. Respondent represented D.B. throughout all of the proceedings. Between September 2003 and April 2005 respondent was involved in a sexual relationship with D.B.

**Violations:** Respondent violated Ind. Professional Conduct Rule 1.7(b)(2) (2004), which prohibits a lawyer from representing a client where the representation may be materially limited by the lawyer's own interests unless the client consents after consultation; and, Prof.Cond.R. 1.8(j) (2005), which prohibits a lawyer from engaging in a sexual relationship with a client unless a consensual sexual relationship existed when the client-lawyer relationship commenced.

For the misconduct found herein, this Court now suspends respondent from the practice of law for a period of thirty (30) days, effective immediately, with all of said suspension stayed upon respondent's successful completion of one (1) year of probation. As terms of his probation respondent is required to abide by the terms of his Monitoring Agreement entered into with the Judges and Lawyers Assistance Program for the next year, as described in his Memorandum on Sanctions filed with this Court on September 21, 2006. In addition, respondent shall commit no violation of law or the Ind. Professional Conduct Rules, and is required to promptly report any violation in writing to the Disciplinary Commission, not later than four (4) days after the violation occurs. Because the mitigators in this case are out of the ordinary, including respondent's self reporting and treatment program, we impose a suspended disciplinary sanction where otherwise executed suspension time would be appropriate. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.